| WOODARD, J.,
dissenting.
I respectfully dissent from that portion of the opinion which finds the Defendants to be good faith possessors, after the Plaintiffs filed suit. This finding is contrary to the plain language of La.Civ.Code art. 487, which states, in part, “he ceases to be in good faith when ... an action is instituted against him by the owner for recovery of the thing.” (Emphasis added.) La.Civ.Code art. 487 allows for no exception or qualification. La.Civ.Code art. 9 obligates us to apply this statute, as written, since it does not lead to an absurd result. Accordingly, I believe that the majority erred in creating an exception that does not exist and was not intended.
To support this “exception,” the majority distinguishes Edmundson Bros. Partnership v. Montex Drilling Co.,[1] which *601 applied La.Civ.Code art. 487. However, I submit that its distinction is without a relevant difference. While Edmundson was a suit by lessors against mineral lessees for cancellation of the leases because of failure to develop the property, it was, also, an oil and gas case, involving the good/bad faith issue and a request to recover the costs of production, concerning the | ¡¿ease, after the date the suit was filed. This is the same issue and request in the instant case.
Moreover, in Ruth v. Buwe,[2] a petitory action in which the plaintiffs’ action was disputed, as it is in the case sub judice, the supreme court held that defendants were in bad faith from the date that suit was filed against them. This case applied Louisiana’s Revised Civil Code Article 503, which is the predecessor statute to Article 487.
Thus, it appears that both, jurisprudence and legislative law, require a finding of bad faith under our facts, contrary to the majority opinion.

. 98-1564 (La.App. 3 Cir. 5/5/99); 731 So.2d 1049.

. 168 So. 776, 185 La. 204 (La.1936).